KITTELL, appellant, v. OSBORN.

*Assignment in trust for the benefit of creditors — trust in surplus after payment of debts.*

A deed created an express trust for the sale of the grantor's property, and the collection of the debts due to him, and provided that the net proceeds of such sales and collections should constitute a fund out of which his just debts should be first paid, and that the residue, if any, should be invested for his use during his life, or, in case of his death before the completion of such trust, that is, before the payment of such debts, such residue should be paid over and distributed to his heirs at law, as provided by statute in cases of persons dying intestate. *Held*, (1) that the trust was one which was governed by the provisions of the Revised Statutes relative to express trusts ; 1 R. S. 728, § 55; (2) that no trust was raised for the benefit of the grantor's heirs, and they could be entitled to any portion of the trust estate, only in the event of the grantor's dying before the object of the trust had been accomplished, and of a surplus remaining; (3) that the sole purpose of the trust being the payment of the grantor's debts, when they were paid the trust ceased, and what remained of the trust property, at once vested in the grantor; and the only duty remaining to be performed by the trustees, was to pay over the surplus to him, or to invest it in conformity to his directions; and either of these acts would operate as an effectual discharge to them.

The referee found that all the debts were paid, that the sole acting trustee had had a settlement in full with the grantor, of all matters pertaining to the trust, and that the grantor entered into full possession of all the trust property undisposed of. *Held*, that these findings were a bar to an action by the heirs at law of the grantor against the trustees, for an account.

APPEAL from a judgment dismissing the complaint, entered upon the report of a referee.

This action was brought in Seneca county by Mary A. Kittell and others against William R. Osborn and Anna B. Robinson, executrix and sole legatee of Ebenezer M. Robinson, deceased.

On the 26th of December, 1851, David Owen made and executed to W. R. Osborn and E. M. Robinson a deed of trust, or instrument in writing, by which he conveyed and assigned to them all his real estate and personal property in trust for the payment of his debts, and to sell the same, and directed that the avails, over and above expenses and commissions, should constitute a fund for the payment of his debts, and the residue, if any, should be invested in some safe and proper. manner for the grantor's use during life, or, in case of his death before the completion of the trust, paid over and distributed to his heirs at law as by statute in cases of persons dying intestate.

Under the said instrument Osborn and Robinson took possession of personal and real property belonging to the assignor. Owen died intestate in the year 1868, leaving the plaintiffs his sole heirs at law. E. M. Robinson died about the year 1859, leaving the defendant Anna B. Robinson his sole executrix and legatee. This action was brought by the plaintiffs, as heirs at law of the grantor, against the defendants, to compel them to account for the doings of said Osborn and E. M. Robinson, as trustees under said assignment. The same was referred to a referee, who found as facts that the plaintiffs were the children and heirs at law of David Owen, the grantor; that the grantees, Robinson and Osborn, accepted the trust and entered upon the duties of said assignment; that in November, 1852, Osborn, with the assent of Owen, transferred the business of carrying out the assignment to Robinson, and closed his connection therewith; that all the lands and interests in lands owned by Owen at the date of the assignment had since been conveyed away by the said assignees or by Owen himself, or had come to his heirs; that there was no evidence showing that said assignees, or either of them, had received any property belonging to the assignor which they had retained or applied to their own use, or withheld from Owen or his representatives, or any of them; that on the 15th of January, 1856, the said Robinson, the sole acting trustee, had a settlement in full of all matters pertaining to said assignment, and the matters connected therewith, with said Owen, and the latter thereafter entered into the full possession of all the property remaining undisposed of which he had at the date of the assignment; that all the debts due from Owen were paid prior to said settlement; that neither the said Osborn nor the said Anna B. Robinson, as executrix, was owing any thing to the plaintiffs, or either of them, or to the estate of

Owen, or had any of the property of said Owen in their possession or under their control. And he found as conclusions of law that David Owen, after the payment of his debts, had the legal right to resume the property assigned and the control thereof; that after such payment the said assignment was inoperative; that the defendants were not liable to render any account or make any transfers; and that they were not indebted to the plaintiffs, or either of them, nor to the estate of said Owen; and that they were entitled to judgment for costs and disbursements. Judgment dismissing the complaint was accordingly entered.

*John B. Murray,* for appellants. The assignment differed from the ordinary assignments made · by debtors in failing circumstances for the benefit of creditors. It was in the nature of a trust deed, making the assignees trustees of his estate, to hold the same during his life, and render all that should remain at his death to his heirs at law. This clause created an express trust, which became operative as soon as the assignees entered upon the discharge of their duties. From that time the trustees became and continued to be, until the death of the assignor, trustees of an express trust; and neither they nor Owen could so alter or change the trust as to deprive the plaintiffs of their rights in the trust property. *Fero* v. *Fero,* 9 How. 85; *Van Epps* v. *Van Epps,* 9 Paige, 237; *Briggs* v. *Davis,* 20 N. Y. 15; S. C., 21 id. 574.

*E. H. Lamb,* for respondents.

GILBERT, J. In the construction of the deed or assignment of Mr. Owen, we are bound to give effect to the intention of the parties to it (1 R. S. 748, § 2); and if that be attended to, there will be little difficulty in determining the case. The deed created an express trust for the sale of the grantor's property and the collection of the debts due to him, and provided that the net proceeds of such sales and collections should constitute a fund out of which his just debts should be first paid, and that the residue, if any, should be invested for his use during his life, or in case of his death before the completion of said trust, that is, before the payment of such debts, such residue should be paid over and distributed to his heirs at law as provided by statute in cases of persons dying intestate. The trust is one which is governed by the provisions of

the .Revised Statutes relative to express trusts (1 R. S. 728, § 55). From the language employed, it is quite apparent that no trust was raised for the benefit of the grantor's heirs, and that they could be entitled to any portion of the trust estate only in the event of the grantor's dying before the object of the trust, namely, the payment of his debts, had been accomplished, and of a surplus remaining after such payment. Nor was there even an attempt to create a trust in such surplus for the benefit of the grantor. The clause in the deed, on that subject, amounts to a new direction, which could be fulfilled only by an investment which would give the grantor both the legal and beneficial interest. A mere passive trust to hold property for another's use cannot exist under our law. It must be created for one of the active objects enumerated in the 52d section of the statute before cited; and every estate or interest not embraced in the trust, and not otherwise disposed of, reverts to the grantor as a legal estate. Id. 729, § 62. The sole purpose of the trust being the payment of the grantor's debts when they were paid the trust ceased. Id. 730, § 67. What remained of the trust property at once vested in the grantor. All the duty remaining to be performed by the trustees was to pay over the surplus to him, or to invest it conformably to his directions. Either of these acts would operate as an effectual discharge to them.

The referee has found that all the debts were paid, and that afterward the sole acting trustee had a settlement in full with the grantor, of all matters pertaining to the trust, and that the grantor entered into full possession of all the trust property undisposed of. These findings are sustained by the evidence, and required the referee to render. the judgment appealed from.

It is therefore affirmed.

*Judgment affirmed.*